UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  4-28-09
```

ARGENTTO SYSTEMS, INC. and
NICK SANTINO,

Plaintiffs,

-against-

THE PEAK ORGANIZATION, INC.,
PEAK COUNSEL, INC., PEAK
DISCOVERY, INC., RICHARD
EICHENBERG, ARNOLD SCHLANGER,
MICHAEL DALEWITZ, and PHILIP
GREENBERG,

Defendants.

Civil Action No. 09 Civ. 2615 (LLS) (AJP)

## STIPULATED PROTECTIVE ORDER

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs Argentto Systems, Inc. and Nick Santino (collectively

"Argentto") have filed a complaint against Defendants The Peak Organization, Inc., Peak

Counsel, Inc., Peak Discovery, Inc., Richard Eichenberg, Arnold Schlanger, Michael Dalewitz,

and Philip Greenberg (collectively "Peak") (both Argentto and Peak individually, a "Party", and

collectively, the "Parties") in the above-captioned action (the "Action");

WHEREAS, the conduct of the Action will involve the disclosure of trade secrets

or other confidential technical, business and financial information;

WHEREAS, the Parties hereto seek to preserve their privacy and property

interests in such information, without unduly encroaching on the public's right to be informed of

judicial proceedings, and recognizing that a Party seeking to protect information filed under seal

with the Court must show good cause for sealing, and that either Party may challenge any

designation of confidentiality pursuant to this protective order;

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties hereby stipulate to the entry of this protective order (the "Protective Order") limiting the disclosure of certain information produced or otherwise discovered and agree to be bound by the restrictions of the Protective Order limiting use of such information as provided;

IT IS HEREBY STIPULATED, AGREED AND ORDERED as follows:

## APPLICABILITY OF PROTECTIVE ORDER

1.      All documents, electronically stored information, materials, items, or information, regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced, provided or served, formally or informally, either by a Party or by a non-party, to or for any of the other Parties, shall be governed by this Protective Order if designated in accordance with this Protective Order, and if so designated, used only for the purposes of this Action and not for any other purpose, including but not limited to business, legal, patent prosecution, competitive or governmental purpose or function. Further, the examination, review and testing of Source Code shall be conducted solely for (i) the preparation and trial of this Action, (ii) settlement discussions and negotiations in connection with this Action, and (iii) any form of alternative dispute resolution of this Action. Notwithstanding the foregoing, nothing in this paragraph 1 or in this Protective Order shall be deemed to limit or otherwise restrict or impair in any manner any Party's use or disclosure of its own information, in whatever form.

2.      The terms of this Protective Order shall apply to all manner and means of disclosure of information in discovery, whether formal or informal, designated in accordance with this Protective Order, including without limitation oral testimony, entry onto land or premises, written discovery requests and responses thereto, interrogatories and responses thereto,

2

requests to admit and responses thereto, and production and/or inspection of books, records, documents, electronically stored information and tangible things.

## DEFINITIONS

3.     "Confidential" information is defined herein as information that a Disclosing Party in good faith believes (i) is not in the public domain (*i.e.,* not generally known and not reasonably ascertainable by proper means) and (ii) contains trade secrets or other proprietary or confidential research, development, marketing, financial, technical, or commercial information including, but not limited to, Source Code, software architecture and design documents.

4.     "Disclosing Party" is defined herein as any Party or non-party who is requested to produce or produces Documents or other information in connection with the conduct of the Action.

5.     "Document" shall include without limitation any documents, records, exhibits, reports, samples, transcripts, oral testimony, video or audio recordings, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, computer code, databases, version control systems, communications, letters, correspondence, emails and attachments thereto, answers to interrogatories, responses to requests for admissions, pleadings or motions, including copies or computer-stored versions of any of the foregoing. The term "Document" as used herein specifically includes electronically stored information as that term is used in the Federal Rules of Civil Procedure.

6.     "Highly Confidential" information is defined herein as such Confidential information that the Disclosing Party in good faith believes would cause direct harm to the competitive position of the Disclosing Party if such Confidential information were to be disclosed or is so competitively sensitive that its disclosure could materially affect the business, commercial or financial interests of the Disclosing Party.

3

7.     "Qualified Person" as used herein means:

(a)     Counsel;

(b)     Any person retained by a Party or its Counsel as an independent consultant or expert, who is not a shareholder, officer, director or employee of a Party, and who agrees in writing to be bound by the terms of this Protective Order in the form of Exhibit A hereto (such signed agreement shall be preserved by the retaining Party or Counsel);

(c)     Any court reporter who transcribes testimony in this Action at a deposition and who agrees that all testimony and exhibits that are designated Confidential, Highly Confidential, Restricted Source Code Media or Restricted Source Code Media Excerpts is and shall remain Confidential, Highly Confidential, Restricted Source Code Media or Restricted Source Code Media Excerpts and shall not be disclosed except as provided in this Protective Order;

(d)     The Court and the Court's personnel;

(e)     Outside vendors who perform copying, document preparation, or creation of materials on behalf of any Party and who agree that all testimony and exhibits that are designated Confidential, Highly Confidential, Restricted Source Code Media or Restricted Source Code Media Excerpts is and shall remain Confidential, Highly Confidential, Restricted Source Code Media or Restricted Source Code Media Excerpts and shall not be disclosed except as provided in this Protective Order;

(f)     Any other person who is designated as a Qualified Person by written agreement of counsel for the Parties, or by Order of this Court after notice to all Parties and a hearing; and

4

(g) Parties and employees, officers, and directors of the Parties and their subsidiaries.

8. "Receiving Party" is defined herein as any individual who has received information properly designated as Confidential, Highly Confidential or Restricted Source Code Media pursuant to this Protective Order.

9. "Restricted Source Code Media" is defined herein as such Highly Confidential information that contains Source Code (whether in electronic or hardcopy form) that the Disclosing Party in good faith believes is so competitively sensitive that its disclosure would materially affect the business, commercial or financial interests of the Disclosing Party or would cause direct harm to the competitive position of the Disclosing Party if such Highly Confidential information were to be disclosed.

10. "Source Code" is defined herein as code and accompanying statements for the programming of computers written in a high-level or assembly language that are readable by humans and electronic or non-electronic design documents that reveal the internal structure of a program.

11. "Counsel" as used herein, means:

(a) the attorneys and employees of Markowitz & Chattoraj LLP responsible for this Action for Argentto and any other law firm (and its members and employees) which appears on behalf of Argentto in the Action; and

(b) the attorneys and employees of Kayser & Redfern LLP, Kelley Drye & Warren LLP and Seyfarth Shaw LLP responsible for this Action for Peak and any other law firm (and its members and employees) which appears on behalf of Peak in the Action.

## **DESIGNATION OF MATERIALS**

### **"Confidential" Information**

12.     A Disclosing Party may designate Confidential information, as defined herein. In designating Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). No item shall be deemed Confidential if it is disclosed in a printed publication available to the public or trade, is generally known throughout the trade and public, or is or comes to be known to a Party through means not constituting breach of any proprietary or confidential relationship or obligation, breach of this Protective Order or any improper means. Notwithstanding the foregoing, if a Receiving Party believes that Documents have been improperly designated as Confidential, Highly Confidential or Restricted Source Code Media by a Disclosing Party, then such Receiving Party will nevertheless treat the Documents in accordance with the Disclosing Party's designation until such time as the designation is changed in accordance with the procedure set forth in paragraph 31 herein.

13.     Documents and things produced that contain Confidential information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

### **"CONFIDENTIAL"**

14.     Access to information designated as Confidential shall be limited to Qualified Persons (as defined in paragraph 7 above). A Receiving Party shall treat information as "Confidential" under this Protective Order as soon as a Disclosing Party so designates the information.

6

## "Highly Confidential" Information

15.     A Disclosing Party may designate Highly Confidential information, as defined herein. In designating Highly Confidential information, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Highly Confidential information, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). Documents and other things designated Highly Confidential may be disclosed only to the Qualified Persons identified in subsections (a) through (e) of paragraph 7 of this Protective Order. A Receiving Party shall treat information as Highly Confidential under this Protective Order as soon as a Disclosing Party so designates the information.

16.     Documents and things produced that contain Highly Confidential information may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

## "HIGHLY CONFIDENTIAL"

17.     In the event that at the time a document is produced the designation Confidential or Highly Confidential is lacking, and it is later determined, in good faith, that such a designation should have appeared on the document, the Disclosing Party may restrict future disclosure of the document, consistent with this Protective Order, by notifying the Receiving Party in writing of the change in or addition of a restrictive designation. The notice shall include a description of the document, including bates number or other adequate identification, and the designation under which future disclosure of the documents is to be governed. The Receiving Party shall have no liability to the Disclosing Party, the Court, or third parties for any use or disclosure of any

7

documents or information prior to the time that the Disclosing Party notifies the Receiving Party in writing of the change in or addition of a specific designation under this Protective Order.

## "Restricted Source Code Media"

18. A Disclosing Party may specially designate Source Code (whether in electronic or hardcopy form) as Restricted Source Code Media, as defined herein. In designating Restricted Source Code Media, the Disclosing Party will make such designation only as to that information that it has regularly treated as, and in good faith believes contains, Restricted Source Code Media, as defined herein and consistent with Federal Rule of Civil Procedure 26(c). Restricted Source Code Media shall be subject to all of the provisions of this Protective Order regarding Highly Confidential information and shall also be subject to the following additional restrictions on copying and use. A Receiving Party shall treat information designated as Restricted Source Code Media under this Protective Order as soon as a Disclosing Party so designates the information.

19. Documents and things produced that contain Restricted Source Code Media may be designated as such by marking the first page or tangible medium containing such information, if it is an electronic document, or each page if it is a paper document at or before the time of production as follows:

## "RESTRICTED SOURCE CODE MEDIA"

20. If produced, Source Code shall be provided in its native, electronic format to the extent that it exists in an electronic format. A Disclosing Party need not produce more than one (1) copy of the Source Code for a particular product (it being understood by the Disclosing Party that each version of its Source Code for a particular product will be produced in accordance with the terms set forth herein). Counsel for the Receiving Party may not relinquish or transfer possession or control of any particular copy of a Disclosing Party's Restricted Source Code

8

Media except to an expert or consultant who has been retained by such counsel for the requesting party to assist in the prosecution, defense or settlement of this Action, and only on the terms set forth in paragraph 25 herein.

21.     Restricted Source Code Media must be kept by the Receiving Party's Counsel, or the Receiving Party's retained expert or consultant in a secure, locked cabinet or room when the Restricted Source Code Media is not in use.

22.     Restricted Source Code Media may not be copied by any person acting on behalf of a Receiving Party except as follows:

(a)     Complete Copies

(1)     Restricted Source Code Media may be copied into the hard drive memory and/or into the RAM of a secure, fire-walled computer solely for the purposes of conducting analyses of the Restricted Source Code Media. Restricted Source Code Media is to be kept secure throughout the Action by means of being stored in encrypted form on a stand-alone, desktop computer or on a laptop computer (as provided herein), neither of which shall be connected to the Internet, where it resides, with such encryption protocol designed to limit access to said Restricted Source Code Media to those persons designated under this Protective Order as having access to said Restricted Source Code Media. If Restricted Source Code Media is stored on a desktop computer, such computer shall be kept in Counsel's secure office or in a locked room to which no one other than a Person Authorized to View Restricted Source Code Media has access. If Restricted Source Code Media is stored on a laptop computer, such laptop computer shall be kept in the possession of a person authorized to receive Restricted Source Code Media under this Protective Order or, when not so possessed, in a secure, locked cabinet or room to which no one other than a person authorized to receive Restricted Source Code Media under this

9

Protective Order has access. The encryption required under this paragraph shall be PGP2 or a similar product employing at least 128 bit encryption;

(2)     any computer into which the Restricted Source Code Media of a Disclosing Party is copied by a person authorized to receive Restricted Source Code Media under this Protective Order must, prior to or contemporaneously with such copying, be equipped with a password protection/lockout/screen saver function having a "timeout" period of no longer than ten (10) minutes. Such protection/lockout/screen saver function shall remain enabled continuously during any period that such computer is in use while the Restricted Source Code Media remains on such computer; provided, however, notwithstanding the foregoing, if each Party's Counsel agrees in writing beforehand, an alternative security mechanism may be substituted for such password protection/lockout/screen saver function on any particular computer;

(3)     absent written agreement by the Disclosing Party, a particular copy of the Disclosing Party's Restricted Source Code Media, may reside in the hard drive memory or RAM of only three (3) computers at any given time;

(b)     Excerpts:  Certain portions of the Restricted Source Code Media of a Disclosing Party may be copied onto paper or secure electronic media ("Restricted Source Code Media Excerpts") by Counsel or a retained independent consultant or expert in this Action if, and only if, all of the following conditions are met:

(1)     Counsel for a Receiving Party and a retained independent consultant or expert of the Receiving Party may each make one (1) electronic backup copy of the Restricted Source Code Media Excerpts as needed to preserve analyses and/or prepare an expert report;

10

(2)     Counsel for a Receiving Party may only make that number of copies of the Restricted Source Code Media Excerpts as is required to fulfill filing and service requirements of a document required to be filed with the Court or served on another Party;

(3)     the total amount of Restricted Source Code Media Excerpts may not exceed the amount necessary to perform the analyses or prepare the expert report;

(4)     a Disclosing Party's Restricted Source Code Media Excerpts shall only be copied as provided herein, and, once having been made, all such copies of a Disclosing Party's Restricted Source Code Media Excerpts shall be marked as Restricted Source Code Media in the name of the Disclosing Party and shall be filed, if at all, under seal; and

(5)     Restricted Source Code Media Excerpts shall be kept by Counsel, retained independent consultants and experts in Counsel's secure office or a secure area maintained by a retained independent consultant or expert except as necessary to serve and file any Restricted Source Code Media Excepts with the Court or serve the other Party.

23.     A Disclosing Party's Restricted Source Code Media and Restricted Source Code Media Excerpts may not be disclosed to anyone other than Counsel, the Court, one (1) retained independent consultant or expert satisfying all of the requirements of paragraph 25, *infra*, and court reporters and videographers employed in this Action who are neither a Party to this Action nor an officer, director, employee, consultant, owner or investor of a Party to this Action, unless authorized by a prior order of the Court or the prior written approval the Disclosing Party (individually, each a "Person Authorized To View Restricted Source Code Media"). Nothing herein shall preclude, however, Counsel from appropriately using Restricted Source Code Media or Restricted Source Code Media Excerpts at the deposition of an officer or employee of the Disclosing Party who counsel in good faith believes may have knowledge of the Restricted

11

Source Code Media. However, any portion of a transcript or recorded deposition in which questions or answers about Restricted Source Code Media or Restricted Source Code Media Excerpts are present shall be bound separately or placed on a separate tape, CD-ROM, DVD or other medium and shall not be disclosed to anyone other than a Person Authorized To View Restricted Source Code Media.

24. A Disclosing Party's Restricted Source Code Media and Restricted Source Code Media Excerpts may only be transported within the direct control of a Person Authorized To View Restricted Source Code Media, except for shipments on encrypted physical electronic media (*e.g.*, CD-ROM, magnetic tape or diskette) or paper via Federal Express, UPS, the USPS, or DHL or other courier service regularly employed by counsel to deliver confidential documents and information directly from one Person Authorized To View Restricted Source Code Media to another Person Authorized To View Restricted Source Code Media. Under no circumstances may Restricted Source Code Media be transmitted electronically. The restriction contained in this Paragraph does not apply to Restricted Source Code Media Excerpts as that term is defined in Paragraph 22(b).

## RETAINED INDEPENDENT CONSULTANTS AND EXPERTS

25. In the event that either Party retains an independent consultant or expert to furnish technical or consulting services or to give testimony with respect to the subject matter of this Action, and such Party desires to disclose to such independent consultant or expert any information designated by the other Party as Confidential, Highly Confidential or Restricted Source Code Media, then such disclosure shall be permitted only under the following conditions:

(a) such expert may not be, and no member of such expert's clerical staff, if any, may be:

12

(1)     a Party or a current or former officer, director, employee,

consultant (in another capacity), owner or investor of a Party; or

(2)     an officer, director, employee, consultant, owner or investor of a competitor of a Party; and

(b)     such expert must agree not to accept employment with a Party or any entities that own or control a Party for a period of eighteen (18) months after the conclusion of this Action (either by full settlement of all disputed causes of action or exhaustion or abandonment of all appeals) with the exception of employment or retention in said expert's capacity as an expert consultant or expert witness in another litigation on behalf of the same Party for which said expert has been retained in this Action, provided that any expert accepting such employment shall not use, disclose, or otherwise access any Confidential, Highly Confidential, Restricted Source Code Media or Restricted Source Code Media Excerpts designated by the Disclosing Party in this Action in any other such litigations; and

(c)     Prior to disclosure, the independent consultant or expert shall acknowledge, in writing, by signing a copy of Exhibit A hereto, that he/she has received and read a copy of this Protective Order, and that he/she is bound by the terms thereof. To the extent a Party wants to disclose Confidential, Highly Confidential, or Restricted Source Code Media to more than one person within the same entity, each person within that entity shall submit a signed copy of Exhibit A hereto and abide by all terms and conditions of this Protective Order.

## COURT FILINGS

26.     All Confidential, Highly Confidential or Restricted Source Code Media information, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential, Highly Confidential or Restricted Source Code Media information, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the

Court. In addition, any Party filing any portion of any pleading, motion or other paper under seal shall file via ECF a redacted copy of any such pleading, motion or other paper that removes any and all references to the Confidential, Highly Confidential or Restricted Source Code Media information. If, after the conclusion of this Action and any time for appeal has expired, the Clerk of the Court desires to or must for any reason destroy any documents that were filed under seal, the Clerk of the Court may follow the regular procedures for the destruction of documents that were filed under seal.

## USE OF INFORMATION DESIGNATED UNDER THIS PROTECTIVE ORDER AT HEARING OR TRIAL

27.     Counsel shall refrain from referring in open court to any Documents or information designated Confidential, Highly Confidential or Restricted Source Code Media except under conditions and safeguards that the Court employs to protect against disclosure of such information. Such information may be referred to or offered in evidence at trial only after first providing notice reasonable under the circumstances to the Court and to the Disclosing Party of the intended disclosure. The Court, either through its own initiative or upon motion of the Disclosing Party, may subject such information to further protections, including, but not limited to, *in camera* proceedings, conducting proceedings closed to the general public or excluding the Receiving Party and certain of its directors, officers, employees, consultants or agents from the proceeding. Nothing herein shall operate as a waiver or relinquishment of a designation under this Protective Order should such materials be disclosed at a Court hearing or other proceeding where the general public is not so excluded.

## INADVERTENT FAILURE TO DESIGNATE / INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION

28.     A Disclosing Party that inadvertently fails to designate a Document or information pursuant to this Protective Order at the time of the production may thereafter make a

14

designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated. As soon as notice of a designation is made by a Disclosing Party, all recipients of the designated materials shall immediately treat the designated Documents or information consistent with the designation given by the Disclosing Party. Those individuals who reviewed the documents or information prior to notice of the misdesignation or failure to designate by the Disclosing Party shall return all copies of the misdesignated documents and shall honor the provisions of this Protective Order with respect to the use and disclosure of any information contained in the misdesignated Documents or information.

29.     In the event that Documents or information designated pursuant to this Protective Order are disclosed to any person not authorized by this Protective Order to receive the Documents or information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all Parties, and without prejudice to other rights and remedies of the Disclosing Party, shall prevent further disclosure by it and seek to prevent further disclosure by any other person who was the recipient of such Documents or information. The identification under this section of a Party to whom disclosure was made shall not constitute a waiver of attorney work product or attorney-client privileges.

30.     The inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving written notice from the Disclosing Party that materials asserted to be privileged or protected have been inadvertently produced, the Receiving Party shall promptly return or destroy all such material (and any copies that may have been made

15

and may have been distributed) to the Disclosing Party within five (5) business days of receipt of such notice. Until such materials are returned or destroyed, such materials and the information contained therein shall be treated as Highly Confidential. Nothing stated herein shall limit the right of a Party to challenge a claim of privilege or protection made pursuant to this paragraph.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

31.     The Parties acknowledge that it may be impractical currently to assess the confidentiality of any or all information in Documents and/or other materials and things produced by a Party or producing entity in the course of this Action. Therefore, if a Party wishes to challenge the designation of any such information, the Party shall, in good faith, narrowly limit such efforts solely to those Documents and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate. The Disclosing Party shall, within ten (10) business days after receipt of the Receiving Party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the Receiving Party of its determination. If the dispute cannot be resolved informally, the Receiving Party may seek appropriate relief from the Court, pursuant to the procedures concerning discovery disputes. The Disclosing Party shall have the burden of proving that the designation is proper. The designation of the disputed information shall remain unless and until otherwise ordered by the Court.

32.     A Party shall not be obligated to challenge the propriety of a designation of a document at any level of confidentiality identified in this Protective Order at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, except that the failure to challenge the propriety of a designation of a Document prior to the final Pre-Trial Conference shall preclude any subsequent challenge.

16

## RETURN AND/OR DESTRUCTION OF
## MATERIALS UPON CONCLUSION OF THE ACTION

33.     Confidential and Highly Confidential materials: Within sixty (60) calendar days after the conclusion of this Action and any time for appeal has expired, unless the Parties agree in writing to the contrary, any originals or reproductions of any documents produced by a Disclosing Party containing Confidential and Highly Confidential information shall be destroyed, except that Counsel shall be entitled to retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, memoranda, notes and other work product materials which contain or refer to Confidential and Highly Confidential information, except that if Counsel for the Disclosing Party requests that the Receiving Party remove or redact such pleadings, correspondence, memoranda, notes and other work product materials to eliminate copies of or references to Confidential or Highly Confidential information that the Disclosing Party has a good faith belief should not be archived due to the confidential or proprietary nature of such information, then such pleadings, correspondence, memoranda, notes and other work product materials shall be removed or redacted pursuant to the Disclosing Party's request.

34.     Restricted Source Code Media materials: Within sixty (60) calendar days of the conclusion of this Action and any time for appeal has expired, all Restricted Source Code Media materials must be returned to the Disclosing Party, and any Person Authorized to View Restricted Source Code Media must sign a declaration that shall be sent to the Disclosing Party certifying that:

        (a)     to the best of that person's knowledge, all Restricted Source Code Media materials have been returned to the Disclosing Party; and

17

(b)   every copy, whether whole or partial, of the Restricted Source Code Media materials that exists in electronic, magnetic or other machine-readable form has been permanently deleted such that the deleted files could not be recovered by that person.

Notwithstanding the provisions of subparagraphs (a) and (b) above, Counsel may retain for archival purposes one (1) paper and one (1) electronic copy of pleadings, correspondence, memoranda, notes and other work product materials which contain or refer to Restricted Source Code Media except that all copies of or references to Restricted Source Code Media shall be permanently deleted, destroyed, removed or redacted and Counsel shall sign a declaration that shall be sent to the Disclosing Party certifying that all such copies have been permanently deleted or destroyed and all such references have been removed or redacted from the pleadings, correspondence, memoranda, notes and other work product materials which contain or refer to Restricted Source Code Media.

35.   Insofar as the provisions of this Protective Order restrict the communication and use of the Documents produced hereunder, this Protective Order shall continue to be binding after the conclusion of this Action except (a) that there shall be no restriction on documents that are used as exhibits in open court (unless such exhibits were filed under seal) and (b) that a Party may seek the written permission of the Disclosing Party or further order of the Court with respect to dissolution or modification of the Protective Order.

## MISCELLANEOUS

36.   This Protective Order is being entered without prejudice to the right of any Party or other person to move the Court for modification of or relief from any of its terms.

37.   Nothing shall prevent disclosure beyond the terms of this Protective Order if the Disclosing Party consents to such disclosure, or if the Court, after notice to all Parties and a hearing, orders such disclosure.

38.     Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, nor shall the designation or acceptance of any information designated pursuant to this Protective Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential or a trade secret.

39.     This Protective Order shall not be deemed (a) a waiver of any Party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any Party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any Party's right to object to the admission of evidence on any ground; (d) a waiver of any Party's or producing entity's right to use or disclose its own documents and/or other materials or things at its sole own discretion; or (e) any waiver of the attorney-client privilege or protection of the work product doctrine.

40.     Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to the Action, and in the course thereof, relying upon any information under this Protective Order, provided that counsel does not disclose such information in a manner not specifically authorized under this Protective Order.

41.     In the event that one or more parties are added or substituted into this Action, this Protective Order shall be binding on and shall inure to the benefit of such new parties.

42.     In the event that any non-party shall be called upon, by a subpoena or otherwise, to provide or produce Documents or information that such non-party considers to contain information that is Confidential, Highly Confidential or Restricted Source Code Media, as defined herein, such non-party may elect to have its Documents and information protected under the terms of this Protective Order by notifying Counsel in writing. Upon service of such notice,

19

such non-party may designate Documents and other information in accordance with and in the manner set forth in this Protective Order, and such designated Documents or other information shall be treated by the Receiving Party in accordance with the applicable provisions of this Protective Order.

43.     Nothing in this Protective Order shall bar amendment of this Protective Order by stipulation of the Parties or by Order of the Court. Any such amendment made by stipulation of the Parties shall be made in writing.

44.     If any Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, (c) is served with any legal process by one not a party to this Action, or (d) is ordered by another court or an administrative agency to produce Documents or information, and any of the foregoing calls for the production by a Receiving Party of documents or information designated for protection under this Protective Order which was produced or designated as Confidential, Highly Confidential or Restricted Source Code Media by someone other than that Party, then the Party receiving the subpoena, demand, or other legal process shall give prompt actual written notice, by hand or facsimile transmission, within three (3) business days, to counsel for the Disclosing Party and shall object to its production to the extent permitted by law. Should the person seeking access to the material designated as Confidential, Highly Confidential or Restricted Source Code Media take action against the Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the Party shall respond by setting forth the existence of this Protective Order. In the event that the Receiving Party complies with all of the foregoing and is ordered to produce the material designated as Confidential, Highly Confidential or Restricted Source Code Media, the Receiving Party shall, no less than five (5) court days prior to any actual disclosure of any documents or

20

information designated for protection under this Protective Order, provide written notice to each and every Disclosing Party of the precise scope of the disclosure the Receiving Party intends to make (by providing identification by production number or by specifically naming each and every document the Receiving Party intends to disclose), the entity to whom the Receiving Party intends to make the disclosure to, and a specific identification of the order which the Receiving Party believes requires the disclosure. Nothing herein shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any Order requiring production of the material designated as Confidential, Highly Confidential or Restricted Source Code Media covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or Order, or to seek any relief from this Court.

45.    The Parties shall abide by the terms of this Protective Order until such time as this Protective Order is endorsed by the Court.

46.    The terms of this Protective Order shall survive termination of this Action.

21

**SO STIPULATED:**

Dated: New York, New York
April 23, 2009

ARGENTTO SYSTEMS, INC. and NICK
SANTINO

By: _____
Partha P. Chattoraj
MARKOWITZ & CHATTORAJ LLP
271 Madison Avenue
New York, New York 10016
(212) 481-1220

PEAK COUNSEL, INC., PEAK
DISCOVERY, INC., ARNOLD
SCHLANGER, and MICHAEL DALEWITZ

By: _____
Robert S. Friedman
Paul W. Garrity
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
(212) 808-7800

THE PEAK ORGANIZATION, INC., and
RICHARD EICHENBERG

By: _____  (DM w/permission)
Leo Kayser, III
KAYSER & REDFERN LLP
515 Madison Avenue
New York, New York 10022
(212) 935-5057

PHILIP GREENBERG

By: _____  by __ w/permission
David Michael Monachino
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

SO ORDERED: _Louis L. Stanton_

Dated: _April 27, 2009_

22

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

ARGENTTO SYSTEMS, INC. and
NICK SANTINO,

          Plaintiffs,

          -against-

THE PEAK ORGANIZATION, INC.,
PEAK COUNSEL, INC., PEAK
DISCOVERY, INC., RICHARD
EICHENBERG, ARNOLD SCHLANGER,
MICHAEL DALEWITZ, and PHILIP
GREENBERG,

          Defendants.

Civil Action No. 09 Civ. 2615 (LLS) (AJP)

### CONFIDENTIALITY AGREEMENT

I, _____, declare that:

1.     My address is _____

_____.

2.     My present occupation is_____, and I

am currently employed by___ _____ _____ _____ _____ _____ _____. I have

been retained by _____ _____ _____ _____ _____ with respect to

this litigation. A true copy of my curriculum vitae is attached.

3.     I have received a copy of the Protective Order in this action, and have carefully read and understand its provisions.

23

4.      I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this lawsuit, any information designated under Protective Order, except as expressly permitted in the Protective Order.

5.      I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for adjudication of any dispute about whether I have complied with the Protective Order and acknowledge that the Court may award relief to the Disclosing Party against me including, but not limited to, injunctive relief, monetary damages, sanctions, and the imposition of attorneys' fees and costs me in the event I violate the terms of the Protective Order.

6.      I declare under penalty of perjury that the foregoing is true and correct.

Executed:

Signature: _____ _____ _____ _____

Date: ___ _____ _____ _____, 2009

24